UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18cv22424

LESLIE GOUTIER,

      Plaintiff,

v.

SOURCE RECEIVABLES MANAGEMENT,
LLC.,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

    Plaintiff LESLIE GOUTIER ("Plaintiff"), by and through undersigned counsel files his

Complaint and seeks redress for the illegal practices of Defendant SOURCE RECEIVABLES

MANAGEMENT, LLC ("Defendant"), *to wit*, for Defendant's violations of 15 U.S.C §1692, the

Fair Debt Collection Practices Act, and Florida Statute §559.551, the Florida Consumer Collection

Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

*I.*    ***THE FAIR DEBT COLLECTION PRACTICES ACT***

    1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which

prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15

U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt

collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices

by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3.      The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The six subsections of §1692d set forth a non-exhaustive list of practices that fall within this ban. 15 U.S.C. §1692d.

5.      Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban.

6.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* LeBlanc

v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

7.      Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, §1692g mandates, inter alia, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g.

8.      Furthermore, important to the case at bar, §1692g(b) states that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

## II.      THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

9.      The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. See Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

10.      Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not

legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

11.     The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp.*,* 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

12.     As set forth in more detail below, Defendant violated the aforementioned portions the FDCPA and FCCPA. Plaintiff now seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

13.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

14.     Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

15.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

16.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Dade county, Florida.

17.     Defendant is a North Carolina limited liability company, with its principal place of business located in Greensboro, North Carolina.

18.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

19.     At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

20.     At all times material hereto, Defendant has been a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

## FACTUAL ALLEGATIONS

21.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the Consumer Debt represents an allegedly outstanding amount Plaintiff owes the original creditor, Sprint (the "Creditor"), for the Creditor's provision of telephonic services.

22.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

23.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

24.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

25.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

26.     On or about May 28, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

27.     On information and belief, the Collection Letter was the first communication Plaintiff had received from Defendant with respect to the Consumer Debt.

28.     The Collection Letter constitutes "collection activity" within the meaning of §559.715 of the FCCPA.

29.     On or about, June 12, 2018 Plaintiff and his counsel called Defendant to obtain a break-down of the alleged debt due to the fact that the amount Defendant sought to collect in the Collection Letter was extraordinarily high and unusual for a cellular phone account.

30.     When Defendant's agent refused to provide a break-down of the debt over the phone, Plaintiff attempted to exercise his right to dispute the Consumer Debt.

31.     When asked to dispute the debt in light of Plaintiff's contention of the alleged balance due pursuant to the Collection Letter, Defendant's agent stated that the debt could be disputed "but [Plaintiff] also *needs* to send it in writing as well" and that "[Plaintiff] may be able to dispute it over the phone, but it *needs* to be in writing." Furthermore, Defendant's agent falsely stated that "[defendant] could notate a dispute, but [Defednant] *requires* that [Plaintiff] send it in writing." As will be discussed below, Defendant, through its agent, has violated several provisions of the FDCPA and FCCPA by falsely misrepresenting and overshadowing Plaintiff's rights.

## VIOLATION OF THE FDCPA AND FCCPA

### *I.     RELATIONSHIP BETWEEN THE FDCPA & FCCPA*

32.     In Florida, consumer debt collection practices are regulated by both the FCCPA and the FDCPA. "Both acts generally apply to the same types of conduct, and Florida courts must

give great weight to federal interpretations of the FDCPA when interpreting and applying the FDCPA." Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla. 2nd DCA 2012). "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." (internal quotations omitted). Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006). Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. at 453 (quoting 15 U.S.C. §1692(a). Because the FDCPA is a remedial statute, "we construe its language broadly, as to affect its purpose." Id. The FDCPA restricts the time and places a debt collector may contact a consumer and limits third party contacts. These restrictions, along with others, protect the consumer's right to privacy and the security of the consumer's relationship with third parties, including attorneys, co-workers, and employers. This was considered an "extremely important protection." S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

33.    Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007). In fact, the FCCPA "further defined and protected an individual's right of privacy" in addition to the protections of the FDCPA. Id. at 512. Importantly, the FCCPA is "in addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of [the FCCPA] and the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail. Fla. Stat. §559.552.

Finally, in ultimately asserting a consumer's civil remedies under the FCCPA, "due consideration and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]." Fla. Stat., §559.77(5).

## II. THE LEAST SOPHISTICATED CONSUMER STANDARD

34.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. See Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Jeter v. Credit Bureau, Inc., 760 F.2d at 1168.

35.     "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a reasonable fashion." Gammon v. GC Servs., 27 F.3d 1254, 1257 (7th Cir. 1994) (emphasis added).

36.     "A court applies this objective standard . . . to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010).

37.     The least sophisticated consumer standard is similarly applied in determining violations of the FCCPA. *See, e.g.,* Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla.

Jan. 10, 2017) (finding that Plaintiff successfully stated a claim for under Fla. Stat. Ann. § 559.72(9) because "the least sophisticated consumer may plausibly believe that the [collection letter] 'threaten[s] to enforce a debt' or 'assert[s] the existence of some other legal right.'"); <u>Bank v. Schmidt</u>, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which the lower court premised on least sophisticated consumer standard governing the FCCPA); <u>Green</u>, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA and applying the least-sophisticated consumer standard to determine whether a collection letter violated the FCCPA).

### III.   *ESTABLISHING A CLAIM FOR FDCPA AND/OR FCCPA VIOLATIONS*

38.    The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,' and 'debt collector.' <u>Kinlock v. Wells Fargo Bank, N.A.</u>, 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

39.    To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." <u>Pescatrice v. Orovitz, P.A.</u>, 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

40.    Unsurprisingly, "[t]he elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." <u>Deutsche Bank Nat. Trust Co. v. Foxx</u>, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" <u>Bacelli v. MFP, Inc.</u>, 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In

addition to these elements, several subsections of §559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." <u>Foxx</u>, 971 F. Supp. 2d 1106, 1114 (citing <u>Reese v. JPMorgan Chase & Co.</u>, 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

## COUNT I.
## <u>VIOLATION OF THE FDCPA</u>

41.     Plaintiff incorporates by reference paragraphs 21-31 of this Complaint as though fully stated herein.

42.     As a result of Defendant's forgoing FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

### *VIOLATION OF THE FDCPA – No. 1*

43.     Defendant, through its agent, violated §§ 1692e, 1692f and 1692g of the FDCPA by utilizing false, deceptive, misleading, unfair or unconscionable representations and/or means in an attempt to collect the Consumer Debt. Furthermore, Defendant, through its agent, misrepresented and overshadowed Plaintiff's rights.

44.     Plaintiff received the Collection Letter on or about May 28, 2018.

45.     Consumers are given certain protections during the 30-day dispute and validation period. "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." <u>15 U.S.C § 1692g(b)</u>.

46.     A dispute need not be in writing and sent to Defendant, as Defendant misleads Plaintiff to believe. A valid dispute of the debt can be accomplished verbally. 15 U.S.C § 1692g(a)(3). By stating that the dispute would have to be in writing, Defendant, violated §§ 1692g(a) and 1692g(b).

47.     Here, Defendant overshadowed and provided false, misleading and unfair representation to Plaintiff regarding his right to dispute the debt by stating that, among other things as referenced above, Plaintiff was "*required*" to provide *a written letter* to Defendant in order to effectively dispute the debt.

48.     Defendant overshadowed and provided false, misleading and unfair representations to Plaintiff regarding his right to dispute the debt by stating that Plaintiff needed to provide Defendant with a *written dispute letter* in order to effectively dispute the debt, which is simply false.

49.     Defendant overshadowed and provided false, misleading and unfair representations to Plaintiff regarding his right to dispute the debt by stating that Plaintiff could *not effectively dispute the debt verbally over the phone*.

50.     Such representations by Defendant, through Defendant's agent, are contrary and inconsistent to the dispute rights granted to Plaintiff under §1692g. Every court in our circuit agrees that statements that contradict Plaintiff's rights under §1692g(a) violates §1692g(b).

51.     Furthermore, the overshadowing statements and misrepresentations described above also violates § 1692e, § 1692e(2)(a) and § 1692f of the FDCPA as the representations were misleading false, deceptive, unfair and unconscionable.

## COUNT II.
## <u>VIOLATION OF THE FCCPA</u>

52.     Plaintiff incorporates by reference paragraphs 21-31 of this Complaint as though fully stated herein.

53.     As a result of Defendant's forgoing FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

### *VIOLATION OF THE FCCPA – No. 1*

54.     As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – sections 1692g, 1692e and 1692f.

55.     Moreover, pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Fla Stat. § 559.72(9) (emphasis added).

56.     Here, Defendant violated Fla Stat. § 559.72(9) when it knew that, at the time it made the representations discussed above concerning the Defendant's imposed "in writing" *requirement* of disputing the debt, that such representations were false and misleading as to Plaintiff's actual rights proscribed to him under the law.

### <u>DEMAND FOR JURY TRIAL</u>

57.     Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against

Defendant, awarding Plaintiff the following relief:

(a)    Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)    Statutory and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c)    An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)    Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e)    Any other relief that this Court deems appropriate and just under the circumstances.

DATED: June 16, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                  .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*